638 F.2d 914
 9 O.S.H. Cas.(BNA) 1077, 1981 O.S.H.D. (CCH) P 25,257
WRAY ELECTRIC CONTRACTING, INC., Petitioner,
v.
The SECRETARY OF LABOR of the United States of America and
Occupational Safetyand Health Review Commission,
Respondents.
 No. 78-3597.
 United States Court of Appeals,
Sixth Circuit.
 Dec. 5, 1980.
 
 Norman F. Hoover, Dale S. Ness, Cincinnati, Ohio, for petitioner.
 Baruch A. Fellner, U. S. Dept. of Labor, Allen H. Feldman, Domenique Kirchner, James E. Culp, Ronald R. Glancz, Al J. Daniel, Jr., Dept. of Justice, Washington, D. C., for respondents.
 
 
 1
 Before ENGEL and KEITH, Circuit Judges, and LAMBROS, District Judge.*
 
 ORDER
 
 2
 Petitioner, Wray Electric Contracting, Inc., seeks review of an order of the Occupational Safety and Health Review Commission finding it in violation of the Secretary's regulation 1926.556(b)(2)(v), 29 C.F.R. § 1926.556(b)(2)(v). The regulation requires that an employee wear a body belt and a lanyard attached to the boom or basket when working from an aerial lift which is characterized as an extensible or articulating boom platform. The cited regulation was allegedly violated when an employee of Wray was observed working sixteen feet above the ground on an aerial lift, without wearing a tied off body belt and lanyard, while repairing a traffic light over the center of an intersection. Wray urges that the equipment used by the employee was an aerial ladder and not an "extensible or articulating boom platform" within the meaning of Section 1926.556(b)(2).
 
 
 3
 Although Wray acknowledges that an aerial ladder falls within the general definition of an "aerial lift", it argues that the equipment was not technically an extensible or articulating boom platform, and thus the employee was not required to be wearing the tied off body belt or lanyard while working. Instead, Wray urges that the equipment comes within the definition of "ladder trucks and tower trucks" of subsection 556(b)(1), which does not contain a similar requirement. To the extent that the Commission construed subsection (b)(2) to apply, the employer urges us to adopt the dissenting opinion of Commissioner Barnako who stated that the Commission's construction of the regulation strained the plain wording of the regulation, and that the subtitle in 556(b)(2) gave insufficient notice of its applicability to aerial ladders.
 
 
 4
 Upon giving appropriate deference to the agencies' interpretation of the Secretary's own rules, and construing them liberally in favor of those workers whom they were designed to protect, Marshall v. Whirlpool Corp., 593 F.2d 715 (6th Cir. 1979), aff'd 445 U.S. 1, 100 S.Ct. 883, 63 L.Ed.2d 154 (1980), the court is of the opinion that the Commission and Secretary's interpretation of the regulation is reasonable and more adequately effectuates the remedial purpose of the Act than does the interpretation urged by petitioner Wray. While the construction urged by Wray is not without some plausibility, the court is of the opinion that there is insufficient likelihood of uncertainty concerning the meaning and language of the regulation to warrant a refusal to enforce it. Accordingly,IT IS ORDERED that a petition for review is denied and the Commission's decision is affirmed and enforced.
 
 
 
 *
 Hon. Thomas D. Lambros, Judge, United States District Court for the Northern District of Ohio, sitting by designation